IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN GORDON,<br><br>   *Plaintiff,*<br><br> v.<br><br>THOMAS LICIARDELLO, et. al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 19-3761 |

**Pappert, J.**                                 July 25, 2024

<u>MEMORANDUM</u>

   Kevin Gordon sues the City of Philadelphia and Philadelphia police officers Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, Linwood Norman[1] and Timothy Bogan.  Gordon's claims are based on allegations the officers arrested him in 2007 and fabricated a story to convict him of crimes they knew he did not commit.  Fearful of a lengthy prison sentence had he gone to trial, Gordon pleaded guilty to drug charges and was sentenced to 11½ to 23 months imprisonment, ultimately spending 173 days in custody.

   In 2014, the Officer Defendants were indicted, prompting the Defender Association of Philadelphia to file on Gordon's behalf a petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act.  In 2019, the Philadelphia County Court of Common Pleas granted Gordon's petition and ordered that all charges against him be *nolle prossed*.  Two months later, Gordon filed this lawsuit, one of many

---

[1]  Liciardello, Reynolds, Betts, Spicer, Speiser and Norman are hereinafter referred to as the "Officer Defendants."  Bogan is not included in this grouping as he is represented by separate counsel and, along with the City, did not move to dismiss.

1

involving members of the Philadelphia Police Department's Narcotics Field Unit, alleging federal claims under 42 U.S.C. § 1983 for malicious prosecution and violations of his substantive due process rights as well as claims under Pennsylvania law for assault and battery, false arrest and false imprisonment, intentional infliction of emotion distress, abuse of process and negligence. Along with other Narcotics Field Unit cases, Gordon's case was reassigned to Judge Diamond and placed in suspense while certain bellwether cases went forward. *See* (ECF Nos. 11, 12).

In November 2023, Judge Diamond removed the case from suspense and transferred it to this Court. (ECF No. 20). The Officer Defendants moved to dismiss, contending Gordon's complaint did not allege sufficient personal involvement of each officer and that many of Gordon's claims were time-barred. In response, Gordon contends the complaint adequately puts the Officer Defendants on notice of the claims against them and that the delayed accrual rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), saves his otherwise time-barred claims.

The Court held oral argument, during which Gordon's counsel agreed his substantive due process claim (Count II) was ill-defined and should be dismissed without prejudice. (July 19, 2024 Hr'g Tr. 22:6-16, 24:1-3). He also withdrew his negligence claim (Count VII).[2] (*Id.* at 37:5-17). Now addressing the remaining claims,

---

[2] Both the Court and the Officer Defendants' counsel interpreted Gordon's negligence claim—and parts of his substantive due process claim—to be, in essence, a *Monell* claim. *See* (Compl. ¶ 53, ECF No. 1) ("Defendant, City of Philadelphia, is liable because it implemented policies and procedures that allowed corrupt officers to flourish in the Philadelphia Police Department."). *See id.* ¶ 77 ("Defendant, City of Philadelphia . . . created a policy and/or custom of deliberate indifference . . . ."). *See id.* ¶ 79 ("Defendant, City of Philadelphia, failed to adequately supervise, train, and monitor its police force . . . ."). At oral argument, counsel requested leave to amend his complaint to attempt to reconfigure these allegations into a more properly pled, stand-alone *Monell* claim. (July 19, 2024 Hr'g Tr. 20:20-25, 21:1-10). The Court will allow him to do so.

the Court grants the Officer Defendants' motion in part and denies it in part for the reasons that follow.

I

In January 2007, Gordon was arrested in a Chinese restaurant for robbery. (Compl. ¶ 17, ECF No. 1). He contends the Officer Defendants had no basis for the arrest. (*Id.* ¶ 18). When he was taken to the police station, the Officer Defendants changed their story and said Gordon was being arrested for a narcotics transaction. (*Id.* ¶ 20). The Officer Defendants searched Gordon and his home but found no drugs. (*Id.* ¶¶ 21, 24). During the search of the home, the Officer Defendants arrested Gordon's brother, Charles Tresse. (*Id.* ¶ 26). After finding no drugs, the officers drove Gordon back to the police station and held him in the back of a police car. (*Id.* ¶ 27). He was later taken to a parking lot and released, which according to Gordon, occurred because Tresse agreed to give the Officer Defendants 4½ ounces of cocaine. (*Id.* ¶¶ 29–30).

Weeks later, Gordon was shot, purportedly in retaliation for talking to the Officer Defendants, as people believed Gordon was "snitching" on them. (*Id.* ¶ 33). While Gordon was in the hospital, two officers visited him and asked for Tresse's whereabouts, as Tresse had not given them the cocaine as promised. (*Id.* ¶ 36). After Gordon was released from the hospital, officers again came to his home looking for Tresse, who apparently still owed the officers cocaine. (*Id.* ¶ 37). In March 2007, Gordon was arrested and subsequently charged with numerous drug related crimes. (*Id.* ¶ 39). Gordon pleaded guilty to those charges in September 2007, largely because

he believed he would receive a lengthy prison sentence if he opted for trial.  Gordon was sentenced to 11½ to 23 months imprisonment; he spent 173 days in custody.  (*Id.* ¶ 40).

In July 2014, the Officer Defendants were indicted and charged with numerous criminal offenses, (*id.* ¶ 43), and in June 2019, the common pleas court granted Gordon's PCRA petition and ordered all charges *nolle prossed*.  (*Id.* ¶ 45).  Gordon filed this lawsuit in August 2019.  (ECF No. 1).

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged."  *Id*.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown, that the pleader is entitled to relief.  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  However, this "presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'"  *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016).  This plausibility determination is a "context-specific task that requires the reviewing

4

court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

A court may dismiss claims based on the statute of limitations defense when the defense appears clearly on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

## III

The Officer Defendants contend initially that Gordon did not sufficiently allege specific conduct and personal involvement that could support the claims against each of them. (Mot. To Dismiss, p. 7, ECF No. 34). In response, Gordon argues that he alleged enough to put the Officer Defendants on notice of the claims against them, and that discovery is needed to specifically determine who did what. (Resp. To Mot. To Dismiss, p. 7, ECF No. 36).

To assert a § 1983 claim, a plaintiff must allege a deprivation of rights and demonstrate the defendants' "personal involvement in the alleged wrongs." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). A plaintiff sufficiently alleges personal involvement where he describes "the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Id.* Knowledge must be actual, not constructive, though courts can infer the defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding the case. *Id.* In short, plaintiffs must "portray specific conduct by state officials which violates some constitutional right." *Id.* (quoting *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970)).

Plaintiffs can sufficiently allege personal involvement if they cite all individuals potentially responsible for the misconduct and provide a detailed factual account of the events giving rise to the claim. *Bravo v. City of Phila.*, No. 22-5190, 2023 WL 6133171, *3–4 (E.D. Pa. Sept. 19, 2023). In *Bravo*, the plaintiff sued the City, officials and entities who contracted with the City to provide mental health care to the Philadelphia prison system after her brother died by suicide in prison. *Id.* at *1–2. The plaintiff knew and identified the health care providers who participated in the decisions leading to her brother's suicide but did not yet know exactly who made which decisions. *Id.* at *3. The defendants moved to dismiss, contending that the plaintiff failed to assert sufficient personal involvement. *Id.* The court denied the motion, noting the plaintiff alleged the health care providers' awareness of her brother's mental health issues and history of suicide attempts, and provided detailed facts of the treatment decisions and events leading up to her brother's death. *Id.* at *3–4. These allegations were sufficient at the motion to dismiss stage because the plaintiff "leveled [her] allegations against the individuals potentially responsible, pending discovery." *Id.* at *3.

In *Brookins v. City of Phila.*, No. 24-470, 2024 WL 1889242 (E.D. Pa. Apr. 30, 2024), the plaintiff sued a group of police officers, whose names had been provided by the City, after one of the officers shared an image of the plaintiff's deceased son on social media. *Id.* at *1–2. The plaintiff did not know the extent of each officer's involvement in circulating her son's image. *Id.* Rejecting the defendants' argument the plaintiff did not sufficiently allege each officer's personal involvement, the court held that because the plaintiff "levels her allegations against all officers potentially responsible for the alleged conduct and provides a detailed factual account of the events

6

leading up to and following her son's death," the allegations were enough to survive a motion to dismiss. *Id.* at *4–5.

Here, Gordon has identified a specific group of officers and provided a detailed account of the events leading up to and following his arrest and guilty plea. As in *Bravo* and *Brookins*, his allegations put the officers on notice of the nature and basis of the claims against them. That is all he is required to do at this stage. *See* Fed. R. Civ. P. 8. Arguments concerning an officer's personal involvement can be revisited at summary judgment, as "a plaintiff alleging that one or more officers engaged in unconstitutional conduct must establish the 'personal involvement' of each named defendant to survive summary judgment and take that defendant to trial." *Jutrowski v. Twp. of Riverdale,* 904 F.3d 280, 285 (3d Cir. 2018).

IV

The Officer Defendants next contend that Gordon's state law claims are time-barred because the events giving rise to those claims occurred in 2007, roughly twelve years before Gordon filed his complaint.[3] (Mot. To Dismiss, p. 8, ECF No. 34). In responding to the motion to dismiss, Gordon addressed only his substantive due process claim, arguing it was timely given the *Heck* delayed accrual rule. (Resp. To Mot. To Dismiss, pp. 9–10, ECF No. 36). Failure to argue in response to a defendant's motion to dismiss when there is an opportunity to do so results in a waiver of that claim or argument. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008). In any event, at oral argument, Gordon argued, without any authority to support his

---

[3]   Gordon's state law tort claims are subject to a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524.

contentions, that the *Heck* delayed accrual rule also saves his state law claims. (July 19, 2024 Hr'g Tr. 39:13-18).

The *Heck* delayed accrual rule provides that § 1983 claims that necessarily imply the invalidity of a conviction or sentence do not accrue for statute of limitations purposes until the underlying criminal case is terminated in the plaintiff's favor. *Coello v. DiLeo*, 43 F.4th 346, 355–56 (3d Cir. 2022). In *Coello*, the Third Circuit was asked to extend the *Heck* delayed accrual rule to claims brought under New Jersey law. *Id.* at 355. The court declined to do so, stating that "a cause of action brought under state law is not subject to *Heck's* claim accrual rules." *Id.* at 356. Nonetheless, the court construed Coello's state law claims to "resemble the tort of malicious prosecution." *Id.* And because a malicious prosecution claim under New Jersey law could not proceed until the underlying criminal proceeding resolved in the plaintiff's favor, the court held that Coello's state law claims did not accrue until the state court vacated her conviction. *Id.*

Other courts have observed that *Heck* is a "creation of federal law" and stated that where *Heck* has been extended to state law claims, it has come from rulings by their respective state courts. *Fuller v. Narkin*, No. 16-995, 2018 WL 6171645, at *6 (E.D. Pa. Nov. 26, 2018) (citing *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008), and noting the absence of authority from Pennsylvania courts applying *Heck* to Pennsylvania state law claims).

Given no Pennsylvania court has so ruled, the *Heck* delayed accrual rule does not apply to Gordon's state law claims. *C.f. Fox v. DeSoto*, 489 F.3d 227, 233–35 (6th Cir. 2007) (affirming dismissal of state law claims as time-barred based on determination

*Heck* did not apply to state law claims and noting plaintiff, "[n]ot surprisingly," offered no authority for this proposition), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223, 227 (2009). Gordon asserts a malicious prosecution claim under § 1983, and his state law claims for assault and battery, false arrest and false imprisonment, abuse of process and intentional infliction of emotional distress do not "resemble the tort of malicious prosecution." *See Coello*, 43 F.4th at 356. Counts III, IV, V and VI are accordingly dismissed with prejudice.

    An appropriate Order follows.

BY THE COURT:

 ***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.