IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN GORDON<br><br>*Plaintiff,*<br><br>v.<br><br>THOMAS LICIARDELLO, et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 19-3761 |

**Pappert, J.**                                                                                                    **October 1, 2024**

### MEMORANDUM

Kevin Gordon sued the City of Philadelphia and Philadelphia police officers Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, Linwood Norman and Timothy Bogan.[1] The facts underlying Gordon's claims are recited in the Court's Memorandum Opinion granting in part and denying in part the Officer Defendants' prior motion to dismiss. (Mem. Op. 3–4, ECF No. 43.) The Court declined to dismiss Gordon's malicious prosecution claim against the Officer Defendants, dismissed various state law claims, and granted leave to amend. (Mem. Op. 5–9.)

The Amended Complaint restates the malicious prosecution claim and adds a *Monell* claim. The Officer Defendants move to dismiss the *Monell* claim against them (Count II), as do the City and Bogan. The City also moves to dismiss the malicious

---

[1] Liciardello, Reynolds, Betts, Spicer, Speiser and Norman are hereinafter referred to as the "Officer Defendants." Bogan is not included in this grouping as he is represented by separate counsel, along with the City.

1

prosecution claim against it (Count I). The Court grants both motions, but will give Gordon one final chance to state a *Monell* claim against the City.[2]

I

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain facts sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the facts pleaded permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678–79 (quoting *Twombly*, 550 U.S. at 570).

Determining plausibility is a "context-specific task" requiring a court to use its "judicial experience and common sense." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (quotations omitted). In making this determination, the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). "Conclusory assertions of fact and legal conclusions," however, are not entitled to the presumption of truth. *Schuchardt*, 839 F.3d at 347. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And "[a] pleading

---

[2] Gordon contends the City's failure to train caused him to be subject to malicious prosecution. Because a *Monell* claim seeks to hold a municipality liable for its *own* conduct, and Gordon's Section 1983 claims against the Officer Defendants and Bogan are properly pled in Count I, the purported *Monell* claim against the officers is dismissed with prejudice.

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

II

Count I asserts a Section 1983 claim for malicious prosecution against all defendants, including the City. As a threshold matter, Gordon argues that the City cannot move to dismiss this Count, which is identical to Count I in his initial complaint, because it previously chose to answer the complaint instead of moving to dismiss. (Pl. Resp. in Opp. to Def. City & Brogan's Mot. to Dismiss 19–20, ECF No. 49.) But "[i]n general, an amended pleading supersedes the original," rendering it a "nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). An amended complaint thus "becomes the operative pleading." *Id.* This rule often inures to the benefit of plaintiffs. *See, e.g.*, *West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 170–73 (3d Cir. 2013) (holding that facts in a complaint can be withdrawn by an amended complaint and cannot be used against plaintiff on a motion to dismiss unless repeated or incorporated in the new pleading). But the benefits are not one-sided. Rule 15 expressly provides a timeline for responding to an amended pleading, with no suggestion that the response is limited by how a party responded to the original pleading. *See* Fed. R. Civ. Pro. 15(a). Rather, the requirements for responding under Rule 12 via answer or motion begin anew, allowing a defendant to change its strategy as it so chooses. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (3d ed. 2024) ("[W]henever the court allows a party to amend its pleading, the opposing party's right to interpose a Rule 12(b) motion is extended or revived accordingly"). A plaintiff who takes advantage of the opportunity to amend in

an attempt to improve his case cannot justly claim that a defendant is barred from responding differently to the amended complaint.[3]

At oral argument on the Officer Defendants' first motion to dismiss, Gordon requested leave to amend to "reconfigure [his] allegations into a more properly pled, stand-alone *Monell* claim." (Mem. Op. 2 n.2.) The Court granted this request. (*Id.*) Gordon's Amended Complaint now alleges a separate *Monell* claim in Count II against the City for a failure to train or supervise. Nonetheless, some allegations in Count I can be read as a municipal liability claim. (Am. Compl. ¶¶ 51–53.) And Gordon clarifies in his Response that he intends Count I to also be a *Monell* claim against the City for a failure to train or supervise which resulted in the alleged malicious prosecution. (Pl. Resp. in Opp. to Def. City & Brogan's Mot. to Dismiss 20–22.) But because Gordon's municipal liability claim is brought in Count II — indeed, the allegations against the City in Count I are restated, verbatim or nearly so, in Count II, *see* (Am. Compl. ¶¶ 56–58) — the Court will dismiss Count I against the City as redundant. *Cf. Cuvo v. De Biasi*, 169 Fed. App'x 688, 693 (E.D. Pa. 2006) (affirming dismissal of official capacity claims as redundant where a separate *Monell* claim was brought against the municipality).

IV

There are two theories under which a plaintiff can assert a *Monell* claim. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019)). He can allege that an unconstitutional municipal

---

[3] Even if the Amended Complaint did not supersede the original, or did not supersede it with respect to Count I, courts often allow untimely Rule 12 motions where the defense was made in the answer (as is the case here), and can consider defenses preserved from waiver by Rule 12(h) even when they are no longer Rule 12(b) motions. *See* Wright & Miller, *supra*, § 1361.

policy or custom caused his injury, or that the injury was caused by a "failure or inadequacy by the municipality." *Id.*

A plaintiff alleging an unconstitutional *policy* "must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject." *Id.* And a plaintiff alleging an unconstitutional *custom* "must evince a given course of conduct so well-settled and permanent as to virtually constitute law." *Id.* at 106. He need not, however, identify a specific decisionmaker. *Estate of Roman*, 914 F.3d at 798. Either way, the plaintiff must demonstrate a causal nexus between the policy or custom and his injuries. *Id.*

When proceeding under the second theory — be it for failure to train, supervise or discipline — a plaintiff must demonstrate that the failure or inadequacy constituted "deliberate indifference." *Forrest*, 930 F.3d at 105–06; *Estate of Roman*, 914 F.3d at 799–800 & n.7. Deliberate indifference is demonstrated by showing "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest*, 930 F.3d at 106 (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)). The plaintiff need not point to a specific municipal policy to succeed on this claim. *Estate of Roman*, 914 F.3d at 798. But because deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action," the municipality must have notice of an alleged deficiency. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). Notice is typically established by

5

demonstrating a pattern of violations similar to the one plaintiff experienced. *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020); *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) (noting that "contemporaneous or subsequent conduct" cannot provide the pattern putting a municipality on notice). The bar for showing that a single incident provided sufficient notice is a high one. *Thomas*, 749 F.3d at 223–26. Besides showing deliberate indifference, a failure or inadequacy claim must show a causal nexus between the failure and the plaintiff's injury. *Id.* at 226.

Gordon alleges that a number of failures by the City — primarily concerning the failure to train, supervise or discipline its police force — caused his injury. (Am. Compl. ¶¶ 58, 59, 61, 63, 68–71, 75.) But his Amended Complaint alleges no facts that allow the Court to infer that these conclusory statements are true. For example, Gordon's allegation that the officers' conduct led the public defender to petition for reopening of 1,400 cases, (*id.* ¶ 48), cannot alone demonstrate the pattern necessary to infer the City's awareness of this alleged misconduct prior to Gordon's injury. Nor does the bare allegation that the City failed to discipline the officers for misconduct in "previous cases." (*Id.* ¶ 66.) Gordon has thus failed to state a claim under the second theory of municipal liability.

Gordon's Response discusses only the City's alleged failure to train or supervise. But insofar as some allegations in the Amended Complaint suggest he intended to bring other claims, *see* (Am. Compl. ¶¶ 51, 56, 60, 68(d)), these claims fail for the same reason: Gordon alleges no facts to support his conclusory statements.

Because Gordon has failed to state a claim under either theory of *Monell* liability, the Court will dismiss Count II against the City, albeit without prejudice.

V

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted). The Court will allow Gordon to attempt one last time to state a municipal liability claim against the City. All state-law claims previously dismissed as time-barred, *see* (Mem. Op. at 7–9), cannot be realleged against the City, *see, e.g.*, (Am. Compl. ¶ 61).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.